**UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION**

In re:

**CLEMENCIA CHARLES,**
SSN xxx-xx-1866

Case Number 15-27703-RAM
Chapter 13

    Debtor.
_____/

## OBJECTION TO CONFIRMATION OF FIRST AMENDED CHAPTER 13 PLAN

    Creditor, **WEALTHY DELIGHT, LLC.**, the sole creditor in the above-entitled bankruptcy proceeding, submits the following objection to the confirmation of the First Amended Chapter 13 Plan proposed by the Debtor, **CLEMENCIA CHARLES**:

    1.    The Debtor's First Amended Plan (the "Plan") extends the payments to Wealthy Delight, LLC. (the "Creditor") through March 2016.

    2.    In August 2015, pursuant to Florida Statute 723.061(1)(d), the Creditor sent the Debtor notice that the mobile home park would be permanently closing on February 28, 2016.

    3.    Pursuant to Florida Statute 723.061, which governs evictions of a mobile home park owner, a mobile home owner may be evicted for change in use of the land comprising the mobile home park.

    4.    The Debtor was given notice six (6) months ago that the mobile park home would be closing on February 28, 2016 in accordance with Florida Law, which requires the Debtor to leave the premises no later than February 28, 2016.

    5.    The Court conducted hearings on several motions in this case on November 12, 2015 and during those hearings, Debtor's Counsel represented to the Court that the Debtor intended to vacate the mobile park home in February 2016.  The Court then posed a question to

Creditor's counsel asking why there was a rush to evict the Debtor if she was leaving the mobile home park in February 2016.  The Creditor's fears have come to fruition, and as suspected, the Debtor is attempting to use this bankruptcy to unlawfully remain in the mobile home park.

6. At the 341 Meeting of Creditors, the Debtor indicated on the record that she was not planning on leaving the mobile home park at the end of February 2016 because she has no place to go.

7. The Debtor initially stated that she did not owe any back rent to the Creditor, but the Plan now lists $980.00 as being owed in arrears (the amount was reached to as an agreement between the parties).  The Plan seeks to pay the arrears to Wealthy Delight, LLC. in February and March 2016.  The Creditor is being prejudiced by having to wait to be paid the arrears through the Plan, when on the Petition Date the Debtor scheduled $4,077.20 in a mostly non-exempt bank account.  The Debtor has the funds to immediately make a lump sum payment to the Creditor for the arrears pursuant to her sworn schedules.

8. 11 U.S.C. 362 (l) requires that a monetary default be cured within 30 days of the filing of the bankruptcy petition, which the Debtor's first amended plan fails to do.  At the hearing conducted on November 12, 2015, the Debtor's attorney agreed that the bankruptcy code required that the arrears be cured in 30 days, but argued that this had not been done since there was a dispute as to whether arrears were owed by the Debtor and the amount.  Now, that the Debtor and Creditor have agreed to the amount of the arrears, the Debtor should be required to cure this immediately.

9. On December 21, 2015, the Chapter 13 Trustee filed a Notice of Deficiency for Confirmation and Recommendation [ECF No. 52], which points out that the Debtor's plan is not feasible, the plan does not fund and that the Debtor has no source of income and cannot be in a

Chapter 13.  The Creditor joins in the objections laid out by the Chapter 13 Trustee.  Based on the Debtor's sworn schedules, she cannot fund the Plan and should not be in a Chapter 13 bankruptcy.  In addition, as the Chapter 13 Trustee has indicated an affidavit of support has not been filed with the court indicating the source of the funds the Debtor will use to fund the proposed first amended plan.

10. The Debtor is attempting to use the bankruptcy stay, in bad faith, to circumvent Florida Statute 723.061(1)(d) to remain in the mobile park home.

11. The Creditor will not accept payments from the Debtor for any ongoing rent that becomes due after February 28, 2016.

WHEREFORE, Creditor, **WEALTHY DELIGHT, LLC.**, objects to confirmation of the First Amended Chapter 13 Plan for the reasons stated above and moves the Court to deny confirmation of the first amended plan, direct the Debtor to amend the plan to provide for an immediate cure of the arrears and ongoing rental payments through February 2016 and for any other relief deemed just and proper in the circumstances.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was sent, via CM/ECF, this 7th day of January 2016 to the following parties:

- Clemencia Charles c/o Evian White, Esq. at ewhite@legalservicesmiami.org, sfreire@legalservices.org and pleadings@legalservicesmiami.org
- Nancy Neidich, Chapter 13 Trustee at e2c8f01@ch13herkert.com

| | |
|---|---|
| **CERTIFICATE PURSUANT TO LOCAL RULE 9011-4(B)**<br><br>**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A). | **KINGCADE & GARCIA, P.A**<br>Counsel for Creditor Wealthy Delight, LLC.<br>Kingcade Building<br>1370 Coral Way ▪ Miami, Florida 33145-2960<br>WWW.MIAMIBANKRUPTCY.COM<br>Telephone: 305-285-9100 ▪ Facsimile: 305-285-9542<br><br>/s/ Timothy S. Kingcade<br>x  Timothy S. Kingcade, Esq., FBN 082309<br>☐  Wendy Garcia, Esq., FBN 0865478<br>☐  Jessica L. McMaken, Esq., FBN 580163 |